UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KESHAWN FULTON MITCHELL,<br>Plaintiff,<br>v.<br>COUNTY OF CONTRA COSTA, et al.,<br>Defendants. | Case No. 21-cv-05014-DMR<br><br>**ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 40 |

Plaintiff Keshawn Fulton Mitchell filed a complaint against Defendants County of Contra Costa ("Contra Costa") and law enforcement officers Thomas Brook and Kyle Emley alleging claims arising out of his February 2020 arrest. Mitchell now moves pursuant to Federal Rule of Civil Procedure 15(a) to file a second amended complaint that adds a claim for malicious prosecution under 42 U.S.C. § 1983. [Docket No. 40.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

The operative first amended complaint contains the following allegations: Brook and Emley are officers with the Contra Costa County Sheriff's Office ("CCCSO"). [Docket No. 25 (First Am. Compl., "FAC") ¶ 5.] On February 27, 2020, Mitchell "was a passenger in a vehicle that had been pursued by law enforcement." *Id*. at ¶ 12 n.1. When the car stopped, Mitchell exited the vehicle and "very briefly, ran before stopping and surrendering to the Defendant Deputies" in accordance with their orders. *Id*. (emphasis removed). After Mitchell surrendered, he was "unnecessarily, repeatedly, and inappropriately struck by Brook and/or Emley." *Id*. at ¶ 12. The officers struck Mitchell with batons and stomped the back of his head while he was face-down on the ground with his arms out. He suffered dental injuries and injury to his head. *Id*.

Mitchell alleges that the officers "materially and deliberately misrepresented their contact"

with him by claiming that he ignored their commands "to stop running and get on the ground" after they identified themselves, resulting in a foot chase that ended when Mitchell tried and failed to jump over a fence. *Id.* They also fabricated a report that Mitchell's injuries were caused by an alleged fall, face first, from the fence. Mitchell alleges that he "did not fall face first onto the sidewalk, did not attempt to climb or jump over a wrought iron fence, [and] did not ignore multiple commands from Defendants resulting in a foot chase spanning 200 yards or lasting approximately 1 minute." *Id.* He also alleges that he "did not, at any time, physically resist, threaten, batter, or assault any Defendant," fail to obey any order prior to the officers' use of force, or "delay, obstruct, or interfere" with the officers' duties. *Id.* at ¶ 14.

Mitchell was arrested and charged with violating California Penal Code section 148(a)(1)[1] based on "deliberately fabricated facts." *Id.* at ¶ 13. He alleges that his prosecution "was subject to a Misdemeanor Pre-Trial Diversion Order . . . without a plea." *Id.*

Mitchell filed the original complaint on June 29, 2021. Defendants subsequently moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss certain claims in the complaint and then in the FAC. The remaining claims are: 1) a 42 U.S.C. § 1983 claim for violations of the Fourth Amendment based on excessive force, unlawful arrest, and fabrication of material facts against Brook and Emley and Doe Defendants 1 to 100; and 2) a 42 U.S.C. § 1983 claim against Contra Costa and Doe Defendants 101 to 200 for municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), based on policies, customs, or practices. *See Mitchell v. Cnty. of Contra Costa*, No. 21-CV-05014-DMR, 2022 WL 1225015, at *2, 10 (N.D. Cal. Apr. 26, 2022).

---

[1] The relevant provision of California Penal Code section 148 states:

> Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician . . . in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment.

Cal. Penal Code § 148(a)(1).

2

1    The court held an initial case management conference on March 30, 2022 and set a May
2    31, 2022 deadline to seek leave to amend the pleadings to add new parties, claims, or defenses.
3    [Docket No. 30.]
4    On July 5, 2022, Mitchell filed the instant motion for leave to file a second amended
5    complaint ("SAC") that adds a claim for malicious prosecution under section 1983 and additional
6    factual allegations to support that claim. [*See* Docket Nos. 40-1 (Lagos Decl., Jul. 5, 2022) Ex. A
7    (Prop. SAC) at ¶¶ 13, 20, 21; 43-1 (Lagos Decl., Jul. 21, 2022) ¶ 3, Ex. C (Ex. C to Prop. SAC).][2]
8    He contends that amendment is warranted due to a recent change in the law regarding malicious
9    prosecution claims. Defendants oppose the motion.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend the pleadings before trial should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted), and the Ninth Circuit has instructed that "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quotation marks and citation omitted, alteration in original). Therefore, in the absence of an "apparent" reason, such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Sols., Inc*., 194 F.3d 980, 986 (9th Cir. 1999). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "Granting leave to amend does not necessarily mean that the underlying allegations ultimately have merit." *FlatWorld Interactives LLC v. Apple Inc*., 12-CV-

---

[2] For the reasons supporting the ruling in this order, the court finds good cause to modify its May 31, 2022 deadline to allow Plaintiff to seek leave to file a second amended complaint. Fed. R. Civ. P. 16(b)(4).

3

1   01956-WHO, 2013 WL 6406437, at *3 (N.D. Cal. Dec. 6, 2013). "Rather, '[a]bsent prejudice, or
2   a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a)
3   in favor of granting leave to amend.'" *Id*. (quoting *Eminence Capital*, 316 F.3d at 1052).

### III. DISCUSSION

Mitchell seeks leave to file the proposed SAC adding a claim for malicious prosecution under section 1983 and additional factual allegations in support of that claim. Mitchell's counsel states that after filing the FAC, he learned of *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022), in which the United States Supreme Court held that "a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction." Prior to *Thompson*, which was issued on April 4, 2022, an individual seeking to bring a malicious prosecution claim was required to show that the prior proceedings "terminated in favor of the accused." *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 919 (9th Cir. 2012); *accord Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) ("[a]n individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence.").

Mitchell seeks leave to add factual allegations in support of a malicious prosecution claim, including the following amended allegation about the termination of his criminal prosecution:

> 13. Plaintiff was arrested and criminally charged with a violation of Penal Code § 148(a)(1) based upon the deliberately fabricated facts which prosecution was subject to a Misdemeanor Pre-Trial Diversion Order pursuant to Penal Code § 1001, et seq., Penal Code § 1001.50 **without a plea** following Plaintiff's appearance in Court the failure of which would subject Plaintiff to arrest pursuant to a Court-issued warrant (see Exhibit C). Following Plaintiff's successful completion of the misdemeanor pre-trial diversion order, the criminal complaint was dismissed on December 21, 2021. Plaintiff's prosecution ended **without a conviction**.

Prop. SAC ¶ 13 (emphases in original; proposed amendment underlined). He also seeks leave to add the allegations that Defendants violated Mitchell's Fourth Amendment right "to be free from a criminal prosecution lacking probable cause"; that the "criminal prosecution to which [he] was subjected also denied Plaintiff his constitutional right to liberty"; and that "Defendants' motive in

4

causing the prosecution to be filed and maintained was malicious because . . . they sought to hide and cover-up their unlawful conduct . . . which caused Plaintiff his physical injuries and which injuries had to be reported and otherwise explained and justified to Defendants' employer." *Id*. at ¶¶ 20-21.

Mitchell argues that the proposed SAC is timely and should be allowed because *Thompson* "dramatically changed the law with respect to the legal requirements for a Fourth Amendment § 1983 constitutional claim of malicious prosecution." He also argues that the amendment is in good faith, and that since it relies on existing allegations that "the deputies did not honestly report their contact with Plaintiff" in order "to protect themselves from their abuse of power," Defendants will not be prejudiced by the amendment. Mot. 5.

Defendants oppose the motion. They do not argue that bad faith, undue delay, prejudice, or previous amendment weigh against granting leave to amend. Instead, they argue that amendment should be denied because the proposed malicious prosecution claim is futile.

"A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "To state a malicious prosecution claim under Section 1983, a plaintiff must show that the defendant (1) prosecuted plaintiff (2) with malice; (3) without probable cause; and (4) with 'the purpose of denying plaintiff equal protection or another constitutional right.'" *Heard v. Jackson*, No. 21-CV-09472-JSC, 2022 WL 2356821, at *4 (N.D. Cal. June 30, 2022) (quoting *Lacey*, 693 F.3d at 919 (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). A plaintiff must also show that "the criminal prosecution ended without a conviction." *Thompson*, 142 S. Ct. at 1341.

Where, as here, a malicious prosecution claim is based on the Fourth Amendment, the plaintiff "must demonstrate a Fourth Amendment seizure . . ." *See* Prop. SAC ¶ 20; *Yousefian v. City of Glendale*, 779 F.3d 1010, 1015 (9th Cir. 2015) (quotation marks and citations omitted). Defendants sole argument on futility is that Mitchell has not stated a Fourth Amendment malicious prosecution claim because the proposed SAC "does not allege facts showing that Plaintiff was seized in connection with his allegedly unlawful prosecution." Opp'n 4. They note

1  that the proposed SAC "reflect[s] that he appeared in court without having to enter a plea, that he
2  could have been subject to arrest had he not appeared (but this did not happen), and that the
3  charges against him were eventually dismissed." Opp'n 4. Defendants contend that "[n]one of
4  this amounts to a seizure." *Id*. at 4-5 (citing *Karam v. City of Burbank*, 352 F.3d 1188, 1193 (9th
5  Cir. 2003) (holding that conditions of plaintiff's pretrial release "requiring that she obtain
6  permission of the court before leaving the state and that she make court appearances" in
7  connection with misdemeanor charge did not amount to a seizure under the Fourth Amendment)).

Defendants' argument ignores that the FAC and proposed SAC both allege that "**Plaintiff was arrested** and criminally charged . . . based upon the deliberately fabricated facts." FAC ¶ 13; Prop. SAC ¶ 13 (emphasis added). It is well-settled "that a Fourth Amendment seizure occurs when a person is held in custody by arresting officers." *Karam*, 352 F.3d at 1193 (citing *Fontana v. Haskin*, 262 F.3d 871, 879 (9th Cir. 2001)).

Defendants offer no other argument about the sufficiency of the proposed Fourth Amendment malicious prosecution claim but assert that even if the proposed SAC states such a claim, Brook and Emley are entitled to qualified immunity. Opp'n 5.

"[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Moss v. U.S. Secret Serv.*, 675 F.3d 1213, 1222 (9th Cir. 2012) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The qualified immunity analysis involves two inquiries. First, taken in the light most favorable to the plaintiff, the court must ask whether the facts alleged show that the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the answer is "no," then the court need not inquire further before ruling that the officer is entitled to qualified immunity. *Id*. If, however, "a violation could be made out on a favorable view of the parties' submissions," the court must examine "whether the [constitutional] right was clearly established." *Id*. The court may exercise its discretion in deciding "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

6

"The linchpin of qualified immunity is the reasonableness of the official's conduct." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1075 (9th Cir. 2011) (citation omitted). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id*. "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). The Supreme Court has cautioned that specificity in determining whether "the violative nature of *particular* conduct is clearly established . . . is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts." *Mullenix*, 136 S. Ct. at 308 (emphasis in original; quotation omitted). A court determining whether a right was clearly established looks to "Supreme Court and Ninth Circuit law existing at the time of the alleged act." *Community House, Inc. v. Bieter*, 623 F.3d 945, 967 (9th Cir. 2010) (citing *Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996)). "[T]here can be the rare 'obvious case,' where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances." *D.C. v. Wesby*, 138 S. Ct. 577, 590 (2018).

Defendants' qualified immunity argument is as follows: prior to *Thompson*, a plaintiff could not establish a malicious prosecution claim unless they could show that the prosecution "terminated in favor of the accused." *See Lacey*, 693 F.3d at 919. "Following *Thompson*, that is no longer so." Opp'n 5. According to Defendants, at the time of Mitchell's February 2020 arrest, "it was not clearly established that a law enforcement officer violates the Constitution by making false statements in an incident report even though the subsequent criminal prosecution fails to terminate in a manner indicating the suspect's innocence. Instead, the *opposite* was clearly established, that such allegations did *not* implicate the Constitution." *Id*. (emphasis in original). Defendant's argument lacks merit. The issue for qualified immunity is whether "the unlawfulness

7

of [officers'] *conduct* was 'clearly established at the time.'" *Wesby*, 138 S. Ct. at 589 (quotation marks and citation omitted) (emphasis added).  As another court in this district recently held, "it is obvious to any reasonable officer that they cannot cite a suspect based on knowingly false information, from which a prosecutor would file charges." *Franklin v. Mally*, No. 17-cv-00789-HSG, 2019 WL 2548687, at *7 (N.D. Cal. Jun. 20, 2019) (denying summary judgment on malicious prosecution claim based on qualified immunity) (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 480-83 (9th Cir. 2007)); *cf Santana v. Cnty. of Yuba*, No. 215CV00794KJMEFB, 2016 WL 8673061, at *13 (E.D. Cal. Aug. 19, 2016), *aff'd,* 856 F. App'x 65 (9th Cir. 2021) (concluding that "no reasonable officer could conclude that the Constitution permits her to manipulate evidence to support an unsupportable felony charge" and denying motion to dismiss equal protection claim based on qualified immunity).[3]  Defendants offer no authority or argument supporting their position that Brook and Emley were *not* on notice that they could not prosecute Mitchell based on allegedly fabricated evidence.

Ultimately, "[t]he party opposing amendment bears the burden of showing why leave to amend should not be granted," *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, No. 19-CV-01279-LHK, 2020 WL 836712, at *14 (N.D. Cal. Feb. 20, 2020) (citations omitted), and as noted, "[a] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214.  The court concludes that Defendants have failed to establish that Mitchell's proposed malicious prosecution claim is futile.  Mitchell's motion is timely given the recent change in the law regarding malicious prosecution claims, and Defendants are not prejudiced by the amendment because it is based largely on facts that are already alleged in the operative complaint.  Accordingly, the court grants Mitchell's motion for leave to file the proposed SAC.

---

[3] Defendants also argue that Brook and Emley are entitled to qualified immunity on the proposed malicious prosecution claim because "it was not clearly established at the time of the alleged incident that a person is 'seized' under the Fourth Amendment just because he is ordered to appear in court." Opp'n 6. As discussed above, the FAC and proposed SAC allege Mitchell "was arrested" and thus seized within the meaning of the Fourth Amendment.

8

## IV. CONCLUSION

For the foregoing reasons, Mitchell's motion for leave to file the proposed SAC adding a malicious prosecution claim is granted. Mitchell shall file the SAC by no later than September 6, 2022.

**IT IS SO ORDERED.**

Dated: August 30, 2022



Donna M. Ryu
United States Magistrate Judge