UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KESHAWN FULTON MITCHELL,<br>        Plaintiff,<br>    v.<br>COUNTY OF CONTRA COSTA, et al.,<br>        Defendants. | Case No. 21-cv-05014-DMR<br><br>**ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 50 |

Plaintiff Keshawn Fulton Mitchell filed a complaint against Defendants County of Contra Costa ("Contra Costa") and law enforcement officers Thomas Brook and Kyle Emley alleging claims arising out of his February 2020 arrest. Defendants now move pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] to dismiss Mitchell's 42 U.S.C. § 1983 claim for malicious prosecution. [Docket No. 50.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

The operative second amended complaint ("SAC") contains the following allegations: Brook and Emley are officers with the Contra Costa County Sheriff's Office ("CCCSO"). [Docket No. 49 (Second Am. Compl., "SAC") ¶ 5.] On February 27, 2020, Mitchell "was a passenger in a vehicle that had been pursued by law enforcement." *Id*. at ¶ 12 n.1. When the car stopped, Mitchell exited the vehicle and "very briefly, ran before stopping and surrendering to the Defendant Deputies" in accordance with their orders. *Id*. (emphasis removed). After Mitchell surrendered, he was "unnecessarily, repeatedly, and inappropriately struck by Brook and/or Emley" with batons. *Id*. at ¶ 12. The officers also stomped the back of his head while he was

---

[1] Defendants do not cite Rule 12(b)(6) as the basis for their motion but argue that the SAC fails to state a claim for malicious prosecution.

face-down on the ground with his arms out. He suffered dental injuries and injury to his head. *Id*.

Mitchell alleges that the officers "materially and deliberately misrepresented their contact" with him by claiming that he ignored their commands "to stop running and get on the ground" after they identified themselves, resulting in a foot chase that ended when Mitchell tried and failed to jump over a fence. *Id*. They also fabricated a report that Mitchell's injuries were caused by an alleged fall, face first, from the fence. Mitchell alleges that he "did not fall face first onto the sidewalk, did not attempt to climb or jump over a wrought iron fence, [and] did not ignore multiple commands from Defendants resulting in a foot chase spanning 200 yards or lasting approximately 1 minute." *Id*. He also alleges that he "did not, at any time, physically resist, threaten, batter, or assault any Defendant," fail to obey any order prior to the officers' use of force, or "delay, obstruct, or interfere" with the officers' duties. *Id*. at ¶ 14.

Mitchell was arrested and charged with violating California Penal Code section 148(a)(1)[2] based on "deliberately fabricated facts." *Id*. at ¶ 13. He alleges that his prosecution "was subject to a Misdemeanor Pre-Trial Diversion Order . . . without a plea following [his] appearance in Court[,] the failure of which would subject [him] to arrest pursuant to a Court-issued warrant." *Id*. Following Mitchell's successful completion of the misdemeanor pre-trial diversion order, the criminal complaint was dismissed and the prosecution ended without a conviction. *Id*.

Mitchell filed the original complaint on June 29, 2021. Defendants subsequently moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss certain claims, which the court granted with leave to amend on February 22, 2022. *Mitchell v. Cnty. of Contra Costa* ("*Mitchell I*"), No. 21-CV-05014-DMR, 2022 WL 526161, at *7 (N.D. Cal. Feb. 22, 2022). Mitchell filed an

---

[2] The relevant provision of California Penal Code section 148 states:

> Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician . . . in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment.

Cal. Penal Code § 148(a)(1).

amended complaint and Defendants again moved to dismiss certain claims. The court granted the motion in part on April 26, 2022, dismissing Mitchell's municipal liability claims based on failure-to-train and ratification theories as well as his supervisory liability claim. *Mitchell v. Cnty. of Contra Costa* ("*Mitchell II*"), No. 21-CV-05014-DMR, 2022 WL 1225015, at *10 (N.D. Cal. Apr. 26, 2022).

The remaining claims are: 1) a section 1983 claim for violations of the Fourth Amendment based on excessive force, unlawful arrest, and fabrication of material facts against Brook and Emley and Doe Defendants 1 to 100; and 2) a section 1983 claim against Contra Costa and Doe Defendants 101 to 200 under *Monell* based on policies, customs, or practices.

Mitchell subsequently moved for leave to amend to file a second amended complaint to add a section 1983 claim for malicious prosecution pursuant to the recent United States Supreme Court decision in *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022). The court granted the motion on August 30, 2022 and ordered Mitchell to file his proposed SAC by September 6, 2022. *Mitchell v. Cnty. of Contra Costa* ("*Mitchell III*"), No. 21-CV-05014-DMR, 2022 WL 3925287, at *5 (N.D. Cal. Aug. 30, 2022). Mitchell timely filed the SAC. Defendants now move to dismiss the malicious prosecution claim.[3]

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

---

[3] The SAC also includes allegations related to the dismissed *Monell* claims based on failure-to-train and ratification theories and the dismissed supervisory liability claim. *See* SAC ¶¶ 24-26, 28-31. Defendants dispute any effort by Mitchell to "resurrect" these claims, which were dismissed with prejudice. Mot. 7. In his opposition, Mitchell acknowledges that the presence of these claims in the SAC is the result of an error and confirms that these claims have already been dismissed. Opp'n 1-2.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## III. DISCUSSION

The SAC alleges that Defendants Brook and Emley "deprived [Mitchell] of the well-settled constitutional right . . . to be free from criminal prosecution based upon the fabrication of material facts, as secured by the Fourth Amendment of the United States Constitution" and "violated [Mitchell's] constitutional right, under the Fourth Amendment of the United States Constitution, to be free from a criminal prosecution lacking probable cause."  It asserts that the "criminal prosecution to which [he] was subjected also denied [Mitchell] his constitutional right to liberty." SAC ¶ 20.  It further alleges that Brook and Emley "acted maliciously, intentionally, oppressively, willfully, and in conscious, wanton and reckless disregard of [Mitchell's] rights, safety, and emotional well-being" and that their "motive in causing the prosecution to be filed and maintained was malicious because . . . they sought to hide and cover-up their unlawful conduct [¶ 12] which caused [Mitchell] his physical injuries and which injuries had to be reported and otherwise explained and justified to Defendants' employer."  *Id.* at ¶ 21.

"In general, a claim of malicious prosecution is not cognizable under § 1983 if process is available within the state judicial systems to provide a remedy," but an exception to that rule exists "when a malicious prosecution is conducted with the intent to . . . subject a person to a denial of constitutional rights."  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 919 (9th Cir. 2012) (cleaned up) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985)).  "To state a malicious prosecution claim under Section 1983, a plaintiff must show that the defendant (1) prosecuted plaintiff (2) with

4

malice; (3) without probable cause; and (4) with 'the purpose of denying plaintiff equal protection or another constitutional right.'" *Heard v. Jackson*, No. 21-CV-09472-JSC, 2022 WL 2356821, at *4 (N.D. Cal. June 30, 2022) (quoting *Lacey*, 693 F.3d at 919 (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (to establish a malicious prosecution claim, a plaintiff "must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right")). A plaintiff must also show that "the criminal prosecution ended without a conviction." *Thompson*, 142 S. Ct. at 1341. Where, as here, a malicious prosecution claim is based on the Fourth Amendment, *see* SAC ¶ 20, the plaintiff "must demonstrate a Fourth Amendment seizure . . ." *See Yousefian v. City of Glendale*, 779 F.3d 1010, 1015 (9th Cir. 2015) (quotation marks and citations omitted).

    Defendants previously argued that Mitchell should be denied leave to add the malicious prosecution claim on the ground that it was futile because the proposed SAC "does not allege facts showing that Plaintiff was seized in connection with his allegedly unlawful prosecution." *Mitchell III*, 2022 WL 3925287, at *3. The court rejected this argument because it "ignore[d] that the FAC and proposed SAC both allege that 'Plaintiff was arrested and criminally charged . . . based upon the deliberately fabricated facts'" and noted that "[i]t is well-settled 'that a Fourth Amendment seizure occurs when a person is held in custody by arresting officers.'" *Id*. at *4 (emphasis removed; internal citation omitted) (citing *Karam v. City of Burbank*, 352 F.3d 1188, 1193 (9th Cir. 2003) (citing *Fontana v. Haskin*, 262 F.3d 871, 879 (9th Cir. 2001))).

    Defendants now move to dismiss the malicious prosecution claim on the ground that Mitchell does not allege that "he was seized *as a result of* the alleged malicious prosecution." Mot. 5 (emphasis added) (citing *Thompson*, 142 S. Ct. at 1341). Defendants acknowledge the allegation that Mitchell was arrested but argue that the SAC "does not allege he was in custody or detained when Deputies Brook and Emley submitted their reports about the incident, when charges were filed against him, or at any point after his prosecution commenced." Mot. 5. They contend that Mitchell "cannot recover on a theory of malicious prosecution, where his seizure had terminated by the time of his prosecution." *Id*.

5

Defendants primarily rely on *Taylor v. City of Oakland*, No. C 06-05169 WHA, 2007 WL 2669914, at *7 (N.D. Cal. Sept. 7, 2007), but that case is distinguishable. In *Taylor*, the plaintiff (Taylor) was involved in a minor car accident. She attempted to exchange information with the other driver involved who refused to cooperate and became hostile. *Id*. at *1. Taylor made several calls to the Oakland police for assistance. Because she reported that the other driver "had been threatening and failed to exchange information," the dispatcher advised her to stay in her car, lock the doors, and wait for the police to arrive. In her fifth call to the police, Taylor asked if she could leave the scene "because she did not feel safe and had not gotten [the other driver's] information." *Id*. at *1. The dispatcher told her "to use [her] judgment" if she "[didn't] feel safe" and that she could "always make a report at a later time." *Id*. at *2. Taylor left the scene and called the dispatcher again, explaining what had happened and that she was going to go home "and address the damage to [her] car first" before making a report in person with the Traffic Division. *Id*.

Defendant Larson, a police officer, arrived at the scene of the accident after Taylor had left and "broadcast that Taylor had been engaged in a hit and run." He then traveled toward her residence. While Larson was en route, a second police officer physically detained Taylor in front of her residence. She was then placed under arrest by the second police officer and Larson, and after receiving medical treatment, she was taken to the City of Oakland jail, booked, and placed in a cell. She was released the next day. *Id*. at *2-3. "Larson then wrote a supplemental report in which he described listening to the tapes of the phone calls between Taylor and the dispatcher, determined they were inconclusive, and ordered that Taylor be arrested for resisting arrest, but not for leaving the scene of a car accident," and later made another supplemental report in which he recommended prosecuting Taylor for leaving the scene of an accident. Taylor was criminally prosecuted for leaving the scene of an accident and was eventually acquitted. *Id*. at *3.

Taylor brought a claim for malicious prosecution based on the First, Fourth, and Fourteenth Amendments against Larson and moved for partial summary judgment on those claims. *Id*. The court denied the motion on the ground that there were several disputes of material fact that precluded summary judgment. *Id*. at *5-6. In relevant part, the court held that to prevail

6

on a malicious prosecution claim based on the Fourth Amendment, "a plaintiff must establish that she was subjected to a seizure, including an arrest or an incarceration" and noted that neither side disputed that Taylor had been arrested. *Id.* at *7 (citing *Karam*, 352 F.3d at 1193). However, Taylor had been released "before she was charged with leaving the scene of an accident," and "Larson's allegedly filing a false report *after* Taylor was arrested and released [was] the heart of her claim." *Id.* (emphasis added). Therefore, the court held, Taylor "has not met her burden of showing that Larson caused her to be prosecuted for the purpose of depriving her of her Fourth Amendment rights to be free from unreasonable seizure." *Id.*

*Taylor* is distinguishable on its facts because it was undisputed that no seizure occurred in connection with the charge of leaving the scene of an accident, which was the charge that formed the basis for her malicious prosecution claim. In that way, it is similar to the facts in *Yousefian*, where the plaintiff was arrested for assault with a deadly weapon, booked, and released from custody. He was later charged with drug possession but released on his own recognizance at his arraignment and never detained in connection with the drug charges, which were later dismissed for lack of probable cause. 779 F.3d at 1012-13. The Ninth Circuit affirmed summary judgment on his malicious prosecution claims, holding that "there was indisputably probable cause to arrest and prosecute [the plaintiff] for assault and elder abuse." *Id.* at 1014. As to the drug charges, the Ninth Circuit noted that "no arrest occurred" and that "[t]he only seizure [the plaintiff] could arguably have suffered as a result of his prosecution on the simple drug possession charges was being subjected to own-recognizance (OR) release conditions" prior to the preliminary hearing. *Id.* at 1015. The court held that even assuming that the OR release conditions constituted a seizure, "he would have been subjected to that seizure regardless of the filing of the drug possession charges," because they were imposed on both sets of charges. *Id.* Accordingly, the court held that the plaintiff "suffered no civil rights injury as a result of the OR release conditions in connection with the drug possession charges." *Id.* at 1015.

In contrast to *Taylor* and *Yousefian*, Mitchell alleges that he was arrested and charged with violating California Penal Code section 148(a)(1) based on Defendants' "deliberately fabricated facts," that he was prosecuted for that offense, and that his prosecution ended without a

7

1    conviction. SAC ¶ 13. Defendants offer no other authority that these allegations are insufficient

2    for purposes of a malicious prosecution claim.[4] The court concludes that the allegations in the

3    SAC adequately state a claim for malicious prosecution under the Fourth Amendment.

4          Defendants also argue that Brook and Emley are entitled to qualified immunity on the

5    ground that it is not "clearly established" that a plaintiff "may bring a claim for malicious

6    prosecution based on his seizure prior to the commencement of his criminal proceedings." Mot. 6.

7    As the court previously explained in its order granting Mitchell leave to file the SAC, Defendants'

8    qualified immunity argument is without merit:

> The issue for qualified immunity is whether "the unlawfulness of [officers'] *conduct* was 'clearly established at the time.'" *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018) (quotation marks and citation omitted) (emphasis added). As another court in this district recently held, "it is obvious to any reasonable officer that they cannot cite a suspect based on knowingly false information, from which a prosecutor would file charges." *Franklin v. Mally*, No. 17-cv-00789-HSG, 2019 WL 2548687, at *7 (N.D. Cal. Jun. 20, 2019) (denying summary judgment on malicious prosecution claim based on qualified immunity) (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 480-83 (9th Cir. 2007)); *cf Santana v. Cnty. of Yuba*, No. 2-15-CV-00794 KJM EFB, 2016 WL 8673061, at *13 (E.D. Cal. Aug. 19, 2016), *aff'd*, 856 F. App'x 65 (9th Cir. 2021) (concluding that "no reasonable officer could conclude that the Constitution permits her to manipulate evidence to support an unsupportable felony charge" and denying motion to dismiss equal protection claim based on qualified immunity).

18   *Mitchell III*, 2022 WL 3925287, at *4-5. Existing law clearly puts officers on notice that it is

19   unconstitutional to deliberately fabricate facts in order to arrest and charge an individual.

20   //

21   //

22   //

---

[4] Defendants also cite *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007), but that case addressed when a claim of false arrest or false imprisonment accrues for purposes of the statute of limitations. The Court held that "a false imprisonment ends once the victim becomes held pursuant to [legal] process," and that "damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id*. *See* Mot. 5. *Wallace* is silent as to the elements of a malicious prosecution claim and does not support Defendants' position here.

8

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Mitchell's malicious prosecution claim is denied.

**IT IS SO ORDERED.**

Dated: November 14, 2022



Donna M. Ryu
Judge Donna M. Ryu
United States Magistrate Judge