United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KESHAWN FULTON MITCHELL, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF CONTRA COSTA, et al., <br><br> Defendants. | Case No.  21-cv-05014-DMR <br><br> **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 58 |

Plaintiff Keshawn Fulton Mitchell filed this action under 42 U.S.C. § 1983 against Defendants County of Contra Costa ("Contra Costa") and law enforcement officers Thomas Brook and Kyle Emley alleging claims stemming from his February 2020 arrest.  Defendants moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Mitchell's claim for malicious prosecution, which the court denied on November 14, 2022.  [Docket No. 57.]  Defendants now move pursuant to Civil Local Rule 7-9 for leave to file a motion for reconsideration of the order denying its motion to dismiss the malicious prosecution claim.  [Docket No. 58.]  This matter is suitable for resolution without a hearing.  Civ. L.R. 7-1(b).  For the following reasons, the motion is denied.

## I.    DISCUSSION

The facts and procedural history of this case were set forth in detail in the court's November 14, 2022 order denying Defendants' motion to dismiss.  *Mitchell v. Cnty. of Contra Costa* ("*Mitchell IV*"), No. 21-CV-05014-DMR, 2022 WL 16925964 (N.D. Cal. Nov. 14, 2022). In relevant part, Defendants moved to dismiss Mitchell's section 1983 claim for malicious prosecution under the Fourth Amendment against Brook and Emley and Doe Defendants 1 to 100 on the ground that Mitchell does not allege that "he was seized *as a result of* the alleged malicious prosecution."  *Id*. at *3 (emphasis in original).  In particular, Defendants noted that the second

1  amended complaint ("SAC") "does not allege [Mitchell] was in custody or detained when

2  Deputies Brook and Emley submitted their reports about the incident, when charges were filed

3  against him, or at any point after his prosecution commenced."  Defendants argued that Mitchell

4  "cannot recover on a theory of malicious prosecution" based on these facts, "where his seizure had

5  terminated by the time of his prosecution."  *Id*.

6       The court denied the motion in its entirety on November 14, 2022.  The opinion discussed

7  at length the cases Defendants cited in support of the foregoing argument and distinguished them

8  on their facts, and noted "Defendants offer no other authority that [Mitchell's] allegations are

9  insufficient for purposes of a malicious prosecution claim."  *Id*. at *4-5 (citations omitted).

10       Defendants now move for leave to file a motion for reconsideration of the court's order

11  denying its motion to dismiss the malicious prosecution claim.  They ask the court to "deem [its]

12  motion to be Defendants' motion for reconsideration, should the Court grant" such leave.  Mot. 2.

13       Pursuant to Civil Local Rule 7-9, a party may seek leave to file a motion for

14  reconsideration of an interlocutory order at any time before judgment.  Civ. L.R. 7-9(a).  A motion

15  for reconsideration may be made on one of three grounds: (1) a material difference in fact or law

16  exists from that which was presented to the court, which, in the exercise of reasonable diligence,

17  the party applying for reconsideration did not know at the time of the order for which

18  reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a

19  manifest failure by the court to consider material facts or dispositive legal arguments presented

20  before such order.  Civ. L.R. 7-9(b)(1)-(3).  Reconsideration of a prior ruling is an "extraordinary

21  remedy, to be used sparingly."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.

22  2000).  The moving party may not reargue any written or oral argument previously asserted to the

23  court.  Civ. L.R. 7-9(c).  "Once a reconsideration motion is filed, reconsideration is appropriate 'if

24  the district court (1) is presented with newly discovered evidence, (2) committed clear error or the

25  initial decision was manifestly unjust, or (3) there is an intervening change in controlling law.'"

26  *Cnty. of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1207–08 (N.D. Cal. 2017) (quoting *Sch.*

27  *Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

28       Defendants argue that reconsideration is warranted based on the court's "manifest failure"

2

United States District Court
Northern District of California

1 to "consider material facts or dispositive legal arguments which were presented to the Court."

2 Mot. 2.  Specifically, they argue that the court did not "address Plaintiff's failure to show how his

3 alleged prosecution *resulted in* him being seized under the Fourth Amendment." *Id*. at 3

4 (emphasis in original).  Defendants then go on to cite cases that they claim stand for the

5 proposition that Mitchell cannot state a malicious prosecution claim based on a warrantless arrest

6 where he does not allege "some post-arraignment deprivation of liberty that amounts to a Fourth

7 Amendment seizure." *Id*. at 4-5 (quoting *Harrington v. City of Nashua*, 610 F.3d 24, 32 (1st Cir.

8 2010)).  None of these cases were cited in Defendants' briefing on the motion to dismiss, and none

9 were decided after the date of the court's order denying the motion to dismiss.

10 　　　The instant motion is a re-hash of Defendants' original argument, this time with additional

11 authority that Defendants could have cited in their briefing on the motion to dismiss but

12 inexplicably did not.  Defendants cannot use a motion for reconsideration to get a "second bite" at

13 something they could and should have put before the court in the first instance.  The narrow

14 grounds for reconsideration promote fair and efficient use of party and court resources.

15 　　　Defendants may challenge Mitchell's malicious prosecution claim at summary judgment

16 on a full factual record and with full briefing, including discussion of their newly-cited cases.

17 Given their failure to show a "manifest failure by the court to consider material facts or dispositive

18 legal arguments presented before" the November 14, 2022 order denying its motion to dismiss the

19 SAC, Defendants' motion for leave to file a motion for reconsideration is denied.

20 **II.    CONCLUSION**

21 　　　For the foregoing reasons, Defendants' motion for leave to file a motion for

22 reconsideration is denied.

23

24 　　　**IT IS SO ORDERED.**

25 Dated: January 26, 2023

26 

27

28