UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KESHAWN FULTON MITCHELL,<br>Plaintiff,<br>v.<br>COUNTY OF CONTRA COSTA, et al.,<br>Defendants. | Case No. 21-cv-05014-DMR<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 76 |
|---|---|

Defendants filed a motion for partial summary judgment and an administrative motion to file two exhibits in support of the motion under seal. [Docket Nos. 75, 76.] This order addresses only the motion to seal.

## I.   LEGAL STANDARDS

The Ninth Circuit established standards governing requests to seal in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). When a party seeks to seal judicial records filed in connection with dispositive motions, a "compelling reasons" standard applies. *Id*. at 1179. This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." *Id*. at 1178 (citation and internal quotation marks omitted). To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79 (citations and internal quotation marks omitted). "[A] 'good cause' showing alone will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments." *Id*. at 1180. As the court in *Kamakana* stated:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes,"

> such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. . . . The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (citation and internal quotation marks omitted).

**II.    DISCUSSION**

Defendants seek to file two exhibits under seal in their entirety: Commission on Peace Officer Standards and Training ("POST") training profiles of Defendants Thomas Brook and Kyle Emley filed as Exhibits I and K to the appendix of evidence in support of Defendants' motion for partial summary judgment.[1]  Defendants contend that the exhibits are portions of the individual Defendants' personnel files and that they are "presumptively shielded from disclosure," citing *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990).[2]  Mot. 2.

The exhibits at issue are relevant to Defendants' arguments regarding Plaintiff's claim for municipal liability pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).  The court denied that portion of the motion without prejudice to Defendants' re-filing a motion for summary judgment on the *Monell* claim after the parties conduct additional discovery.  [*See* Docket No. 93.]  Accordingly, the administrative motion to seal Exhibits I and K is denied as moot, since the court did not rely on the exhibits in ruling on the motion for partial summary judgment.

The practical effect of this ruling is that the exhibits will remain sealed.  If Defendants seek to seal these or any other exhibits in connection with future motions, they must file an administrative motion to file under seal that satisfies the standards set forth in *Kamakana*.  Future

---

[1] The court notes that Defendants labeled the exhibits in question as Exhibits I and K to the appendix of evidence but labeled them Exhibits A and B to the administrative motion to seal.  The labeling of exhibits to any future administrative motion(s) to seal must be consistent with how they are attached to the original pleading; i.e., Defendants should have labeled the exhibits at issue as Exhibits I and K to the administrative motion to avoid confusion.

[2] Defendants also cite California Penal Code section 827(a) in support of sealing, but section 827 does not address law enforcement officers' personnel files; it addresses warrant requirements for certain felony complaints.

1  administrative motions to seal must also comply with the Civil Local Rules, which provide that
2  "[a] party must explore all reasonable alternatives to filing documents under seal, minimize the
3  number of documents filed under seal, and avoid wherever possible sealing entire documents (as
4  opposed to merely redacting the truly sensitive information in a document)."  Civ. L.R. 79-5(a).
5  Citation to a case in which a court noted the "confidential nature" of police officer personnel files
6  is insufficient to satisfy these requirements.  *See Sanchez*, 936 F.2d at 1034 (finding no abuse of
7  discretion where district court denied plaintiffs access to police officers' personnel files where
8  "[f]ocused discovery could have been employed" to obtain statistical data).

### III.  CONCLUSION

For the foregoing reasons, Defendants' administrative motion to file under seal is denied as moot.

**IT IS SO ORDERED.**

Dated: May 8, 2023



Donna M. Ryu
Chief Magistrate Judge